# G O D D A R D   L A W   P L L C

39 Broadway, Suite 1540 │ New York, NY 10006

Office. 646.964.1178

Fax. 212.208.2914

Megan@goddardlawnyc.com

WWW.GODDARDLAWNYC.COM

April 29, 2026

**Via ECF and Email to Failla_NYSDChambers@nysd.uscourts.gov**
The Honorable Katherine Polk Failla
United States District Court, Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

> ## MEMO ENDORSED

> **Re: *Concetta Panzariello v. Botify, Inc. et al.***
> ***Case No.: 1:24-cv-08931-KPF***
> ***Status Update Re: Defendants' Non-Compliance with the Court's April 14, 2026 Order***

Dear Honorable Judge Failla:

Our firm represents Plaintiff Concetta Panzariello ("Plaintiff") in the above-referenced action. We write to respectfully update the Court on Defendants' non-compliance with the Court's directives entered at the April 14, 2026, telephonic conference and to advise the Court of Plaintiff's deposition schedule.

### Defendants' Non-Compliance with the Court's April 14, 2026 Order

The Court's April 14, 2026 Order imposed two express obligations on Defendants: (1) within one week, April 21, 2026, Defendants' counsel was to provide a response regarding representation of the four non-party witnesses; and (2) on or before April 28, 2026, Defendants were to supplement their document production and address the deficiencies identified in Plaintiff's January 29, 2026 letter. Defendants have failed to comply with both obligations.

With respect to the first deadline, Defendants did not respond by April 21, 2026 as ordered. Plaintiff's counsel reached out on April 22, 2026 and received no response. Only after Plaintiff's counsel followed up again later that same day and advised that she would bring the matter to the Court's attention did defense counsel respond, confirming that Defendants are representing all non-party witnesses. This response came only under the threat of court intervention and one day after the Court-ordered deadline.

With respect to the second deadline, as of today, April 29, 2026, Defendants have not supplemented their document production, provided any response to Plaintiff's January 29, 2026 deficiency letter, or  responded to Plaintiff's First Set of Interrogatories, which were served nearly eight months ago. The following exchange illustrates Defendants' ongoing default:

On April 28, 2026 at 11:52 p.m., after the Court-ordered deadline had passed without any production or communication, Plaintiff's counsel emailed defense counsel advising that she intended to bring the matter to the Court's attention the following morning. Defense counsel responded minutes later, representing that he had been unable to reach his client and that a draft extension request had failed to send.

On the morning of April 29, 2026 Plaintiff's counsel requested production by close of business that day, and stated that further delay would require Court intervention given the tight deposition schedule and risk of prejudice to Plaintiff. At 4:14 p.m., defense counsel wrote that an unexpected and time-sensitive professional obligation prevented him from completing the production, and he requested yet another one-day extension to Thursday to "ensure the responses are complete and accurate before service." Plaintiff's counsel responded, noting that nothing prevented Defendants from producing documents immediately without waiting for written responses that needed reviewed, and requested immediate production.

As of this filing, no production or responses have been received.

### Plaintiff's Deposition Schedule and the Impact of Defendants' Non-Compliance

Following defense counsel's belated confirmation of representation of the four non-party witnesses, Plaintiff has proactively scheduled and served Notices of Deposition for the following witnesses in order to comply with the Court's June 12, 2026 deposition completion deadline:

| Date | Witness |
|------|---------|
| May 12, 2026 | Autumn Taylor |
| May 14, 2026 | Kristen Langdon |
| May 19, 2026 | Dan Wolfish |
| May 21, 2026 | Ben Wagner |
| May 29, 2026 | Ryan Ambler |
| June 2, 2026 | Maddy McAdams |
| June 4, 2026 | Cooper Snowdon |
| June 8, 2026 | Botify (30(b)(6)) Representative |

Proceeding with depositions without the outstanding discovery and core documents would substantially prejudice Plaintiff and risks the need to recall witnesses. The outstanding materials are not peripheral. They go to the very core of Plaintiff's claims of gender discrimination, unequal pay, retaliation, and termination. Specifically, The outstanding materials include: (1) Defendants' responses to Plaintiff's First Set of Interrogatories; (2) salary bands and internal communications concerning the decision to hire Plaintiff and set her compensation; (3) Sales Team performance metrics for 2017 through 2021 and 2023 — Defendants having produced 2022 data only — which are directly relevant to the health of the team before and after Plaintiff's tenure; (4) documents and communications concerning Plaintiff's complaints to Defendant McAdams, including any meeting notes and action taken in response; (5) notes, recordings, and communications from the August

30, 2022 meeting among Plaintiff, Defendant Snowdon, and Defendant Ambler; (6) emails, notes, and calendar and Zoom invitations for the meeting at which Plaintiff was placed on a PIP; (7) any notes, invitations, and communications relating to Plaintiff's October 10, 2022 Zoom meeting with Defendant McAdams; and (8) documents reflecting Plaintiff's formal reports of retaliation to Defendant McAdams and others at Botify.

These materials are required to meaningfully examine the witnesses who were directly involved in the complained-of conduct, the individuals who participated in the meetings at issue, made or communicated the decision to place Plaintiff on a PIP, and received and responded to her complaints of discrimination and retaliation. Compounding this prejudice, every day that Defendants remain in non-compliance is a day lost from the window Plaintiff has to review the outstanding production and conduct eight depositions before the June 12, 2026 deadline. That window is already narrow. Defendants' continued default is actively compressing Plaintiff's ability to complete discovery on time through no fault of her own.

### **Request for Relief**

Plaintiff respectfully requests that the Court: (i) direct Defendants to immediately supplement their document production and respond to Plaintiff's January 29, 2026 deficiency letter and (ii) toll the June 12, 2026 deposition completion deadline by the number of days Defendants remain in default of their April 28, 2026 production obligation, so that Plaintiff is not penalized for Defendants' non-compliance. Plaintiff remains committed to completing fact discovery expeditiously and will proceed with depositions promptly upon receipt of all outstanding materials.

We thank the Court for its continued attention to this matter.

Respectfully submitted,

GODDARD LAW PLLC

Cc: All Counsel [Via ECF]

*/s/ Hailey Miller*

Hailey Miller, Esq.
Megan S. Goddard, Esq.
39 Broadway, Suite 1540
New York, NY 10006
Tel: (504) 909-0792
Megan@goddardlawnyc.com
Hailey@goddardlawnyc.com

3

The Court has received Plaintiff's above-request.

Defendants are ORDERED to immediately supplement their document production and respond to Plaintiff's January 29, 2026 deficiency letter.  The deposition completion deadline is hereby ADJOURNED by a week to **June 19, 2026.**

The Court notes that Defendants have failed to comply with this Court's previous Order and will likely face sanctions if they remain in non-compliance.

The Clerk of Court is directed to terminate the pending motion at docket entry 34.

Dated:    April 30, 2026          SO ORDERED.
          New York, New York

                                  HON. KATHERINE POLK FAILLA
                                  UNITED STATES DISTRICT JUDGE