# G O D D A R D   L A W   P L L C

39 Broadway, Suite 1540 │ New York, NY 10006

Office. 646.964.1178

Fax. 212.208.2914

Megan@goddardlawnyc.com

WWW.GODDARDLAWNYC.COM

June 1, 2026

**<u>Via ECF & E-MAIL</u>**
The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007
Failla_NYSDChambers@nysd.uscourts.gov



**Re: _Panzariello v. Botify, Inc. et al._, 24-cv-08931 (KPF)**

Dear Judge Failla:

Goddard Law PLLC represents Plaintiff Concetta Panzariello. Pursuant to Paragraph 10 of the Court's Civil Case Management Plan and Scheduling Order, Plaintiff moves to: (i) compel production of outstanding Slack communications; (ii) impose sanctions, including an adverse inference instruction, for spoliation; and (iii) stay all depositions pending production of the outstanding communications. The parties met and conferred on May 29, 2026 at 4:00 p.m. The call did not resolve the dispute.

## I. Defendants' Pattern of Non-Compliance

Defendants' discovery conduct has followed a consistent pattern: make a representation, fail to honor it, and move the goalposts. Plaintiff served document requests on September 4, 2025. As of April 1, 2026 — seven months later — Defendants had not responded, nor had they responded to Plaintiff's January 29, 2026 deficiency letter. The Court held a conference on April 14, 2026 and imposed two obligations: (1) Defendants' counsel would confirm representation of four non-party witnesses by April 21, 2026; and (2) Defendants would supplement their production by April 28, 2026. Defendants complied with neither. On April 30, 2026, Plaintiff again sought Court intervention. The Court ordered Defendants to "immediately supplement their document production and respond to Plaintiff's January 29, 2026 deficiency letter," adjourned the deposition deadline by one week, and warned that Defendants "will likely face sanctions if they remain in non-compliance." (Dkt. 35).

On May 11, 2026, Plaintiff followed up identifying additional outstanding categories. On May 13, 2026, Plaintiff sent a detailed letter addressing Slack deficiencies by Bates number. Defendants responded on May 18, 2026, stating they were "not aware of any additional Slack export packages" and that production "reflects the results of a reasonable search of available

1

custodial Slack data." Plaintiff responded the same day identifying with specificity every missing thread and custodian and requested supplementation. (*See* Exhibit A). On May 22, 2026, in the so-ordered joint letter (Dkt. 37), Defendants represented they would produce Slack communications "on a rolling basis through the course of next week with production completed by May 29, 2026." No production came.

Instead, in a letter dated May 29, 2026, Defendants revealed for the first time that they "do not currently have access to complete historical Slack message histories for former employees," that what was produced reflects only "limited exports and screenshots" of whatever was "available and retrievable" at the time of collection, and that restoration is not possible "through available administrative tools" once accounts are deactivated. Defendants confirmed the Ambler-Snowdon thread was producible only because Mr. Ambler was still employed at the time of collection. (*See* Exhibit B).

## II. Spoliation: Defendants Had Actual Notice as of October 10, 2022

Spoliation of evidence is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Ross v. Guy, No. 18-CV-1340 (WFK), 2022 WL 801414, at *2 (E.D.N.Y. Mar. 16, 2022) (quoting West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999)).

Plaintiff's claims of discrimination, retaliation, and wrongful termination center on her interactions with Ambler, Snowdon, and Human Resources, and on those individuals' internal communications about her — including her PIP, her complaints, and her requests for reasonable accommodations. What Defendants have produced is piecemeal and selective. Plaintiff does not have her complete Slack threads with her own supervisors or HR Director. Nor does she have the communications among those individuals about her, her PIP, or her complaints — with the sole exception of the one Ambler-Snowdon thread that happened to be exported before Mr. Ambler left the company.

Defendants had actual notice of litigation no later than October 10, 2022 — more than five weeks before the formal litigation hold issued on November 18, 2022. The production contains a Slack message from that date in which Defendant Snowdon messaged Defendant Ambler: "maddy [The Director of HR] thinks she [Plaintiff] will sue haha," followed immediately by: "yeah so we need to handle any conversations we have with her very carefully." (BOTIFY-Panzariello_000624).

Defendants' May 29, 2026 letter confirms they deactivated former employee accounts without first securing complete exports. That is itself a violation of their preservation obligations. Once litigation was reasonably foreseeable, Defendants were required to halt routine deactivation of relevant accounts until exports were secured. In *Hawley v. Mphasis Corp.*, 302 F.R.D. 37 (S.D.N.Y. 2014), the court granted an adverse inference where an employer allowed continued data loss after an EEOC charge and formal demands. In *Oakley v. MSG Networks, Inc.*, 792 F.Supp.3d 377 (S.D.N.Y. 2025), the court granted an adverse inference and fees where preservation failures were compounded by repeated misrepresentations about the scope of the loss — conduct the court found "so stunningly derelict as to evince intentionality."

2

### III. Meet-and-Confer Yielded No Resolution

During the May 29, 2026 meet-and-confer, in addition to expressing serious spoliation concerns, Plaintiff's counsel asked defense counsel directly whether every document within the "coonie-exports-slack.zip" file referenced in BOTIFY-Panzariello_000425 had been produced. (See Exhibit C). Defense counsel unambiguously confirmed yes. Yet, when Plaintiff's counsel memorialized that representation by email, defense counsel immediately walked it back, stating he needed to consult a paralegal and would respond on Monday — days before the first deposition. (*See* Exhibit D).

### IV. A Stay Is Required

Depositions begin this week: Cooper Snowdon (June 5), Maddy McAdams (June 9), Kristin Langdon (June 11), Ryan Ambler (June 12), Plaintiff (June 15), Dan Wolfish (June 16), the corporate representative (June 17), Autumn Taylor (June 25), Ariel Wilson (June 26), Ben Wagner (June 29), and Rachel Geskin (June 30). These witnesses are at the center of both the underlying claims and the spoliation issue. Plaintiff cannot meaningfully examine any of them without the Slack communications in which they discussed her performance, her complaints, and her termination. Proceeding would require either recalling every witness at Defendants' expense or accepting irreversible prejudice. Plaintiff has made every effort to avoid Court intervention, accommodating schedule compressions and other requests at the last minute. This motion is a last resort.

### V. Relief Requested

Plaintiff respectfully requests that the Court:

(i) Compel production, within five business days, of the complete native export of all content within the "coonie-exports-slack.zip" file (BOTIFY-Panzariello_000425) and all Slack communications among and between Plaintiff, Ambler, Snowdon, Wagner, Langdon, and McAdams;

(ii) Order a declaration from Defendants' IT personnel describing what data was collected, when, from which custodians, in what format, and what — if anything — was not preserved and why;

or, in the alternative, if Defendants represent that the communications no longer exist:

(iii) Find spoliation and impose sanctions: (a) an adverse inference instruction directing the jury that Defendants failed to preserve complete Slack communications despite actual notice as of October 10, 2022 and formal notice as of November 18, 2022, and that the jury may infer those communications would have been favorable to Plaintiff; and (b) attorneys' fees and costs incurred in connection with all discovery motion practice necessitated by Defendants' conduct;

(iv) Stay all depositions pending resolution of the foregoing; and

(v) Grant such further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Hailey Miller*

Hailey Miller, Esq.

cc: All Counsel [Via ECF]

The Court has received Plaintiff's above-motion to compel and
Defendants' response (Dkt. #43).

Plaintiff's first request to compel production of all content
within the "coonie-exports-slack.zip" file (BOTIFY-
Panzariello_000425) is DENIED in light of Defendants'
representation that the content has already been produced.

On spoliation, the Court finds that there is insufficient
evidence of Defendants' efforts to preserve historical data, and
that Defendants have not provided any legal support for their
argument that Plaintiff's request is disproportional and
burdensome.  The Court therefore directs Defendants to provide
more granularity and legal support for the Court's evaluation.

Finally, the depositions are STAYED while the Court resolves the
ongoing discovery dispute.

The Clerk of Court is directed to terminate the pending motion at
docket entry 38.

Dated:     June 9, 2026          SO ORDERED.
           New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE